IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DEVAUGHN M. MCCOY**                                                                 **PLAINTIFF**

**v.**                                                                                               **No. 1:17CV166-GHD-JMV**

**LEE CO. SHERIFF'S DEPARTMENT, ET AL.**
                                                                                                                **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Devaughn M. McCoy, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

He alleges that on September 25, 2017, two guards at the Lee County/Tupelo Adult Jail took away his mattress, sheet, and blanket because he did not present himself for live check. The plaintiff alleges that, as a result of sleeping for this time without his bedding, he "had to seek medical attention for [his] neck and [his] back." He was without these items for less than six hours. He also alleges that the next day Senior Officer Jones was "telling other inmates about what I wrote to the captain, making my living conditions uncomfortable." For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### General Conditions of Confinement

Mr. McCoy has alleged that the general conditions of his confinement at the jail violated his constitutional rights. "[T]he Eighth Amendment may afford protection against conditions of

confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Taking into account the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581.

In this case, the plaintiff spent less than six hours without his bedding, but alleges that he had to "seek medical attention" for his neck and back. He has not alleged what injuries, if any, he suffered from this deprivation. In addition, he alleges that Officer Jones created "uncomfortable" living conditions and a "hostile environment" by telling other inmates that the plaintiff had complained to the captain. None of these allegations, considering the totality of Mr. McCoy's circumstances, rise to the level of a constitutional claim under 42 U.S.C. § 1983, instead they show, at most, that Mr. McCoy experienced only discomfort or inconvenience. As such, this case should be dismissed for failure to state a claim upon which relief could be granted.

### Conclusion

For the reasons set forth above, the instant case is will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 22nd day of February, 2018.

2/22/2018

_____
SENIOR JUDGE